UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONICA SWIFT MANNING, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00046-SRC |
| | ) |
| MISSOURI DEPARTMENT OF | ) |
| SOCIAL SERVICES, | ) |
| | ) |
| Defendant(s). | ) |

**Memorandum and Order**

This matter is before the Court on the motion of plaintiff Monica Swift Manning for leave to proceed in forma pauperis. Upon consideration of the motion and the financial information provided, the Court concludes that plaintiff lacks ability to pay the filing fee, and the Court grants the motion. Additionally, for the reasons discussed below, the Court dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

This Court must review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A frivolous complaint "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555); *see Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (courts must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.").

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts need not assume facts that are not alleged, *Stone*, 364 F.3d at 914–15, nor must they interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Manning filed this complaint against the Missouri Department of Social Services (DSS). Manning also listed the Rita Wise and Michelle Koehler as defendants and identified them as DSS employees. Because Manning did not specify the capacity in which she sues Wise or Koehler, the Court interprets the complaint bringing only official-capacity claims.  *See Egerdahl*

2

*v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, [courts] interpret the complaint as including only official-capacity claims."). Manning also indicated that more than one plaintiff was involved in this case, identifying the other plaintiffs as "RM Missouri" and "ES Missouri." Doc. 1 at p. 3.

Manning invokes the Court's federal question jurisdiction. She states that her claims arise under the Fourteenth Amendment's Due Process Clause, and she states she has suffered civil-rights violations. Plaintiff does not identify a particular cause of action by which she brings her claims to the Court, but because she clearly indicates she brings this action to vindicate alleged violations of her federally protected rights, the Court construes the complaint as arising under 42 U.S.C. § 1983.

Manning claims that DSS is liable to her because her parental rights were unfairly revoked, inasmuch as DSS did not prove the grounds for revocation by legally admissible evidence. Manning claims DSS has not observed her rights or followed its own rules. Manning complains she was not provided a case plan and was not offered services and counseling to help her achieve reunification with her children and deal with her grief. Plaintiff states she "reached out" to Wise and Koehler, but she alleges nothing further concerning them. Doc. 1 at p. 8. Plaintiff claims "[t]hese agenc[ie]s" are discriminating against her on the basis of her disability and pro se status. *Id.* at 8–9. However, she does not identify any disability, nor does she describe the allegedly discriminatory conduct. Manning claims: "They lack in child welfare in foster care and temporary housing they have neglected to protect my children while in their care." *Id.* at p. 9. She claims visits have been canceled with insufficient notice, and she claims her children have not been allowed to see her, or each other, often enough.

3

After filing the complaint, Manning filed a "Memorandum for Clerk" in which she alleged that her children were unlawfully removed from her custody during a specific period of time. Doc. 4. She included copies of unredacted documents from a St. Louis County Family Court case involving a minor, which were filed under seal. Manning later filed redacted copies.

Manning seeks actual and punitive damages in unspecified amounts.

## Discussion

Manning brings this action against the Missouri Department of Social Services and alleges violations of her Constitutional rights in connection with a child custody matter. The Missouri Department of Social Services is a department of the State of Missouri. Therefore, sovereign immunity bars Manning's claims.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment confers sovereign immunity from lawsuits brought in federal court by a state's own citizens or citizens of another state on states which have not consented to such lawsuits. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974); *see Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl*, 72 F.3d at 618–19 ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state

4

university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived its immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception applies in this case.

As to the first exception, the Supreme Court has determined that 42 U.S.C. § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). As to the second exception, the State of Missouri has not waived its immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (invoking sovereign immunity subject only to limited exceptions not relevant here). In sum, Eleventh Amendment sovereign immunity bars plaintiff's claim against the Missouri Department of Social Services for any type of relief, whether monetary or injunctive and no exceptions apply.

Manning also indicates an intent to bring claims against two DSS employees, Rita Wise and Michelle Koehler. In support, plaintiff alleges she "reached out" to Wise and Koehler. Doc.

1 at p. 8.  This bare allegation, even if true, fails to establish liability, and Manning does not allege that Wise or Koehler engaged in any specific act or omission that would result in liability. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for [her] name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).  Even if Manning had included specific allegations against Wise or Koehler, Manning's § 1983 claims against them acting in their official capacities would be barred, either by the Eleventh Amendment or because, in such capacity, they are not "persons" capable of being sued. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *see Will*, 491 U.S. at 71 ("[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them.").

As a final matter, the Court notes that it appears Manning may intend to bring this action, at least in part, on behalf of other persons.  Manning lacks standing to seek relief on behalf of others.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").  Additionally, there is no indication that plaintiff is a licensed attorney.  A non-attorney pro se litigant may not represent someone else in federal court.  *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause. . . . A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal

6

court).

Because Manning's complaint fails to state a claim upon which relief may be granted, the Court dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Conclusion

Accordingly, the Court grants Manning's [2] motion for leave to proceed in forma pauperis, dismisses this case without prejudice, certifies that an appeal from this dismissal would not be taken in good faith, and denies as moot Manning's [3] motion to appoint counsel. A separate order of dismissal accompanies this memorandum and order.

So Ordered this 13th day of April 2022.

*/s/ SLR.CR*
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE